IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40200
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY CADAVID,
a/k/a Victor Emdara,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-95-CR-134-7
- - - - - - - - - -
July 10, 1997

Before WISDOM, KING and SMITH, Circuit Judges.

PER CURIAM:[*]

Harry Cadavid was convicted for conspiracy to possess with intent to distribute more than 100 kilograms of marijuana. He appeals the resultant sentence. Cadavid argues that the district court erred by failing to reduce his offense level pursuant to U.S.S.G. §§ 2D1.1(b)(4), 5C1.2, and 18 U.S.C. § 3553(f) and that he was denied effective assistance of counsel. Because Cadavid

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

raises the sentencing issue for the first time on appeal, we review the district court's decision for plain error.[1] "Plain error is a mistake so fundamental as to constitute a 'miscarriage of justice'".[2] We find that no plain error was committed because the defendant has not demonstrated that he "truthfully provided to the government all information and evidence the defendant has concerning the offense . . . ."[3]

This court would benefit from development of the record and argument on the issue of ineffective assistance of counsel. Accordingly, this court declines to address the claim without prejudice to Cadavid's ability to raise it in a proper proceeding.[4]

AFFIRMED.

---

[1] *United States v. Brunson*, 915 F.2d 942, 944 (5th Cir. 1990).

[2] *Id*.

[3] 18 U.S.C. § 3553(f) and U.S.S.G. §5C1.2; See *United States v. Flanagan*, 80 F.3d 143 (5th Cir. 1996).

[4] See *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987).